UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FIRST DATA MERCHANT SERVICES
CORPORATION,

                Plaintiff,

        - against -                        **MEMORANDUM AND ORDER**
                                        07-CV-2083 (RRM)(ETB)
OXFORD MANAGEMENT SERVICES, INC.,

                Defendant.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge:

## BACKGROUND

Plaintiff First Data Merchant Services Corp. ("FDMS") brought this action against defendant Oxford Management Services, Inc. seeking damages for defendant's breach of contract. Plaintiff moved for summary judgment and this Court, by Memorandum and Order dated March 30, 2011, granted summary judgment in favor of plaintiff. (Order Granting Summary Judgment (Doc. No. 44).) The Court declined to award damages to plaintiff at that time, without prejudice to renew plaintiff's request.

Shortly after the Court granted summary judgment, Oxford's counsel sought, and was granted permission, to withdraw. (*See* Doc. Nos. 46, 53.) The Court directed Oxford to retain new counsel by July 8, 2011[1] and, after Oxford failed to do so, ordered Oxford to show cause why it should not enter default judgment against Oxford and dismiss Oxford's counterclaims for failure to prosecute. The Order warned Oxford that failure to comply would result in entry of default judgment against it pursuant to Fed. R. Civ. P. 55, and dismissal of its counterclaims for failure to prosecute pursuant to Fed. R. Civ. P. 16. The Court also ordered FDMS to serve

---

[1] Pursuant to the letter seeking to withdraw, Oxford's counsel indicated that Oxford had ceased operations on March 17, 2011. (Doc No. 46.)

1

Oxford with a copy of the Order to Show Cause, which it did as evidenced by its letter of April 4, 2012 (Doc. No. 56) and related Affidavit of Service (Doc. No. 57.) After Oxford failed to respond to the Order to Show Cause, the Court dismissed Oxford's counterclaims and ordered FDMS to submit evidence supporting its measure of damages to allow the court to enter judgment in favor of FDMS on its breach of contract claim, pursuant to the Court's Order granting summary judgment. (Doc. No. 58.)

In support of its proposed damages award, FDMS submitted a letter to the Court on October 11, 2012 indicating that, during the pendency of this lawsuit, Oxford ceased operations and its principals were indicted by the United States Attorney for the District of Connecticut and pled guilty to involvement in a $10 million collection-diversion scheme. In light of these developments, FDMS seeks damages only in the amount of $976,182.78, which it claims represents the amount withheld from FDMS by Oxford ($1,301,777.04) less the 25% commission to which Oxford would have been entitled under the contract ($325,444.26).

## DISCUSSION

Once liability has been determined, the Court may grant summary judgment as to damages where the defendant is on notice of plaintiff's motion for damages and fails to meet its burden of establishing a genuine issue for trial on the damage award. *United States v. O'Connor*, 04 CV 2546(ARR), 2006 WL 1419388, at *3 (E.D.N.Y. May 18, 2006) (adopting report & recommendation) (citing *Schwan-Stabilo Cosmetics GMBH & Co. v. Pacificlink Int'l Corp.*, 401 F.3d 28, 33 (2d Cir. 2005) (reversing award of damages on summary judgment where plaintiff did not seek damages in its motion for summary judgment, and defendant was not on notice or given an opportunity to contest damages); *West-Fair Elec. Contractors v. Aetna Cas. & Sur. Co.*,

2

78 F.3d 61, 63–64 (2d Cir. 1996) (affirming award of damages on summary judgment where defendant submitted only "conclusory statements" regarding damage amount)).

Here, defendant was clearly on notice of plaintiff's claim for damages. It was undisputed at summary judgment that defendant collected $1,301,777.04 on plaintiff's behalf and did not remit that money to plaintiff pursuant to its contractual obligations, and that plaintiff claimed that amount in damages. (Order Granting Summary Judgment at 3, 4 ("Defendant does not dispute the facts put forward by Plaintiff showing material breach."), 15; Pl.'s & Def.'s 56.1 (Doc. Nos. 37, 41) at ¶¶ 39–41, 158). At that time, defendant indicated its disagreement with plaintiff's calculation by urging that it was entitled to a set-off for the 25% commission it would have earned under the contract. (Order Granting Summary Judgment at 5); *see O'Connor*, 2006 WL 1419388, at *3 (noting that defendant's objection to plaintiff's claimed amount of damages indicated that defendant was on notice of the amount of plaintiff's damages claim).

Defendant has also failed to meet its burden of establishing a genuine fact issue for trial on damages. Despite the Court's repeated warnings that failure to retain counsel and appear on the issue of damages would lead to default judgment, defendant has neither retained counsel nor appeared on the issue of damages. Consequently, the Court entered default judgment against defendant. In light of the undisputed evidence of damages, defendant's failure to appear on the issue of damages, and the Court's grant of default judgment against defendant, a damages hearing is not necessary, or even possible. *See O'Connor*, 2006 WL 1419388, at *3–4 (holding that, when defendant submitted no evidence on damages, no damages hearing was necessary and defendant it failed to meet its burden of establishing a fact issue).

Because Oxford is now defunct and its officers are subject to federal prosecution, plaintiff seeks in damages only the amount to which it would have been entitled under the

collection services agreement after paying Oxford its 25% commission.  Plaintiff calculates its damages as the amount Oxford withheld ($1,301,777.04) less a 25% discount for the commission ($325,444.26), and concludes that its damages are $976,182.78.  It appears that plaintiff's subtraction is in error, however, because $1,301,777.04 minus $325,444.26 equals $976,332.78, *not* $976,182.78.  Nonetheless, because plaintiff has claimed even less than the amount calculated by the Court, plaintiff is hereby awarded $976,182.78 – the amount it requests in its papers and affidavit in support of a damages award.  *See, e.g.*, *Travelers Ins. Co. v. Mark Ross Servs. Corp.*, No. 03 Civ.2464 MGC, 2004 WL 232144, at *2 (S.D.N.Y. Feb. 6, 2004) (granting summary judgment for plaintiff and awarding the undisputed amount of damages, but holding that the disputed amount of damages was a genuine issue of disputed fact that must be tried).

## CONCLUSION

For the reasons herein, it is plaintiff First Data Merchant Services Corporation is awarded damages in the amount of $976,182.78 as against defendant Oxford Management Services, Inc.. The Clerk of Court is respectfully directed to enter judgment accordingly, and close this case.

SO ORDERED.

Dated: Brooklyn, New York
       September 27, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge